UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                Case No. 19-cr-20771
                                                Hon. Matthew F. Leitman

ANTHONY PROULX,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING REVOCATION OF DETENTION ORDER (ECF No. 26)

Defendant Anthony Proulx is awaiting trial in this Court. Proulx is charged in a three-count superseding indictment with possession with intent to distribute 50 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. § 841; possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (*See* Superseding Indictment, ECF No. 17.)

On December 9, 2019, Magistrate Judge Michael Hluchaniuk held a detention hearing. In advance of that hearing, a Pre-Trial Services Officer prepared a report recommending that Proulx be detained. The Officer opined that there was no condition or combination of conditions that could reasonably assure Proulx's appearance and protect the safety of the community.

1

Following the detention hearing, Magistrate Judge Hluchaniuk entered an order detaining Proulx pending trial (the "Detention Order"). (*See* Detention Order, ECF No. 10.)  In the Detention Order, Magistrate Judge Hluchaniuk found, by clear and convincing evidence, that there is a serious risk that, if released, Proulx will endanger the safety of another person or the community. (*See id.*)

On February 10, 2020, Proulx filed a motion to revoke the Detention Order. (*See* Mot., ECF No. 22.)  The Court denied that motion by written order dated February 26, 2020. (*See* Order, ECF No. 25).  The Court weighed the applicable factors under 18 U.S.C. § 3142(g) and found, "by clear and convincing evidence, that Proulx poses a danger to the community."  (*Id.*, PageID.72.)  The Court then concluded that no "condition or set of conditions of release [could] adequately protect the community" if Proulx were to be released prior to trial. (*Id.*)

Proulx has now filed a motion for reconsideration of the Court's denial of his motion to revoke the Detention Order. (*See* Mot. for Reconsid., ECF No. 26.)  In the motion for reconsideration, Proulx seeks pre-trial release on two grounds: (1) the ongoing COVID-19 pandemic and (2) Proulx's claimed inability to prepare for his defense while incarcerated. (*See id.*)  The Court has carefully reviewed Proulx's motion and concludes that neither ground entitles him to pre-trial release.

First, Proulx has not persuaded the Court that he is entitled to pre-trial release based upon the COVID-19 pandemic.  The Court recognizes that COVID-19 poses

a serious threat to all members of our community, including Proulx. And the Court is sensitive to the special risks that COVID-19 poses to incarcerated persons. However, the COVID-19 pandemic cannot be the sole basis for releasing a defendant from custody pending trial; the Court must still consider the Section 3142(g) factors. *See United States v. Martin*, 2020 WL 1274857, at *2 (D. Md. Mar. 17, 2020) (explaining that "as concerning as the COVID-19 pandemic is," a court must nonetheless conduct "an individualized assessment of the factors identified by the Bail Reform Act"). And on this record, Proulx has not persuaded the Court that the existence of the COVID-19 pandemic tips the balance of the Section 3142(g) factors in favor of release. Proulx has not identified any particular preexisting conditions or comorbidities that would make him especially vulnerable to the virus. In addition, there have not been any reported COVID-19 infections at the Clare County Jail, where Proulx is currently incarcerated. Finally, the Clare County Jail appears to be taking proactive steps to prevent the introduction and spread of the virus at that facility. For example, the jail has limited visitation, has instituted screening procedures for new inmates, and has provided extra sanitation and hygiene products to its detainees.

In an appropriate case, the circumstances of the COVID-19 pandemic, and the pandemic's impact on a particular prisoner in a particular facility, could perhaps tip the balance in favor of pre-trial release. However, in this case, for all of the reasons

stated above, and for all of the reasons stated in the Court's February 26, 2020, order denying Proulx's initial motion to revoke the Detention Order, the Court is not persuaded that the COVID-19 pandemic justifies releasing Proulx prior to trial.

Second, Proulx is not entitled to pre-trial release on the basis that he cannot adequately prepare for trial. Trial in this matter is not set until July, approximately three months from now. And, according to the Government, the total discovery in this matter comprises less than 40 pages and the facts to be resolved at trial are straightforward. Finally, given the State of Michigan's "Stay Home, Stay Safe," executive order, Proulx has not persuaded the Court that he could more meaningfully prepare for trial at home – where he would have to follow strict social distancing requirements – than he could while incarcerated.

For all of these reasons, Proulx's motion for reconsideration (ECF No. 26) is **DENIED**.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 16, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 16, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764